IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BRIAN McCLENDON,

    Plaintiff,

v.                       CIVIL ACTION NO.: CV608-019

DEBBIE LANIER, Court Reporter,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Brian McClendon ("Plaintiff"), who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendant Debbie Lanier ("Defendant") filed a Motion to Dismiss, to which Plaintiff responded. For the reasons which follow, Defendant's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff contends that, after his 2005 criminal conviction and sentence, he filed a motion for a new trial, which remains pending in the Bulloch County Superior Court. Plaintiff asserts that his pursuit of his post-conviction remedies has been hampered because Defendant, the Bulloch County court reporter, refuses to provide him with a copy of his trial transcript. Plaintiff contends that this action deprives him of access to the courts and of his right to due process and equal protection of the law.

Defendant contends Plaintiff's Complaint fails to state a cause of action upon which relief may be granted and is barred for failure of consideration. Defendant also contends her obligation to act "was contingent upon the receipt of specific instructions . . . which should have been given or undertaken by Plaintiff as a condition precedent to any alleged obligation by the Defendant." (Doc. No. 9, ¶ 2). Defendant asserts Plaintiff failed to mitigate his damages. Defendant alleges the matters Plaintiff complains about were proximately caused by the acts or omissions of a third party. Finally, Defendant asserts Plaintiff's Complaint is barred by the applicable statute of limitations.

## STANDARD OF REVIEW

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1969 (2007)[1]. In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America

---

[1] In Twombly, the Supreme Court "retired" the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), and noted that, while "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff is obliged to "provide the grounds of his entitlement to relief", which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" 550 U.S. at ___, 127 S. Ct. at 1264-65.

Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer and will be construed liberally. Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 861 (11th Cir. 2008) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). A plaintiff generally is safeguarded by a presumption that the allegations in his complaint are true when a defendant files a Rule 12(b)(6) motion to dismiss. Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237 (11th Cir. 2002).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Failure to State a Claim**

In his Complaint, Plaintiff asserted Defendant failed to provide him with a copy of the transcript in his criminal case, which he contends he needs in order to pursue post-conviction relief. Plaintiff contended Defendant's inaction denied his access to the courts and violated his right to due process and of equal protection of the law.

Prisoners have a constitutionally protected right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)). In addition, an inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). Furthermore, equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with

other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal citation and punctuation omitted).

The undersigned permitted service of Plaintiff's Complaint based on the allegations contained therein that Defendant refused to provide Plaintiff with a copy of the transcript from his criminal proceedings in Bulloch County. At this juncture in the proceedings, Plaintiff has set forth facts sufficient to survive a motion to dismiss. This portion of Defendant's Motion is without merit.

## II. Statute of Limitations

It is axiomatic that a plaintiff must file his claims within the applicable statute of limitations. See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003). "'Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983.'" Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (quoting Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998)). Although 42 U.S.C. § 1983 does not provide a specific statute of limitations, courts are to apply the most appropriate and analogous state statute of limitations in these type of civil rights actions. Burnett v. Grattan, 468 U.S. 42, 49 (1984). The statute of limitations for this action, determined by state law, is two years. O.C.G.A. § 9-3-33; Harding v. Staub, 490 U.S. 536, 538 (1989).

Federal law determines when the statute of limitations begins to run, and the statute for section 1983 actions begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d

1259, 1261 (11th Cir. 2003). An exception to this rule is the continuing violation doctrine, which distinguishes whether "the plaintiff complains of the present consequence of a one time violation, which does not extend the limitations period, or the continuance of that violation into the present, which does." Knight v. Columbus, Ga., 19 F.3d 579, 580-81 (11th Cir. 1994).

At the time Plaintiff filed his Complaint on March 17, 2008, he stated Defendant still had not provided him with a copy of the transcript from his state court criminal proceedings. Defendant's alleged inaction appears to fall under the continuing violation doctrine, as Defendant's alleged refusal to provide Plaintiff with a copy of the transcript was not a one time occurrence. This portion of Defendant's Motion is without merit.

It is unnecessary to address the remainder of Defendant's Motion to Dismiss, as it appears to contain boilerplate defenses to state law tort claims. Plaintiff's Complaint was served based on his allegations that Defendant violated his constitutional rights.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this ___1st___ day of December, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE